UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELISSA CARPEL,

        Plaintiff,

v.                                Case No: 2:25-cv-470-JES-NPM

BAKER SENIOR CENTER NAPLES, INC.,

        Defendant.

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Quash Service of Process and to Dismiss (Doc. #12) filed on October 6, 2025. No response has been filed and the time to respond has expired.

Defendant argues that the deadline to serve expired without plaintiff seeking an extension of time to execute service of process and without serving defendant's registered agent or corporate officers within 90 days of the filing of the May 30, 2025, Complaint (Doc. #1), or August 28, 2025. "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

On June 4, 2025, plaintiff filed an Amended Complaint (Doc. #6).  On September 22, 2025, finding no proof of service or waiver, or cause shown pursuant to the Civil Action Order (Doc. #5), the Magistrate Judge issued a Text Order (Doc. #7) directing plaintiff to comply with requirements by October 6, 2025, or the action could be dismissed without further notice.  On September 23, 2025, plaintiff filed an Affidavit of Service (Doc. #8) indicating that service of the Amended Complaint was executed on September 15, 2025, on the designated representative.  Plaintiff did not separately respond to the Order or show cause why service was untimely.  Defendant does not dispute the validity of the service, only its timeliness.

In response to defendant's attempt to confer on the issue, plaintiff indicated that "the Complaint and Summons were initially forwarded to a process server who failed to complete service and did not respond to repeated follow-ups.  We promptly engaged an alternative process server and ensured that service was completed within the deadlines. Additionally, the unexpected passing of a staff member (and friend) assisting with these tasks, further impacted timing."  (Doc. #12, pp. 4-5.)  Defendant argues that it does not excuse untimeliness of the service.  (Id. at 5.)

"'Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.'" Pouyeh v. Pub. Health Tr. of

- 2 -

Jackson Health Sys., 718 F. App'x 786, 790 (11th Cir. 2017) (quoting Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990)).  "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  "Even in the absence of good cause, a district court has the discretion to extend the time for service of process."  Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (citation omitted).  In this case, service of process was executed on the registered agent, albeit two weeks late.  Plaintiff has since served defendant, and there is no argument that service of process was improper.

"Where service is 'insufficient but curable,' courts 'generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.'"  Edwards-Conrad v. S. Baptist Hosp. of Fla., Inc., No. 3:13-CV-260-J-25MCR, 2013 WL 1365718, at *1 (M.D. Fla. Apr. 4, 2013) (quoting Gregory v. United States, 942 F.2d 1498, 1500 (10th Cir. 1991)).  In this case, service was properly completed and does not need to be cured.  The Court will accept the service of process, *nunc pro tunc*, and the issue is moot.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Quash Service of Process and to Dismiss (Doc. #12) is **DENIED**.

    2. Defendant shall answer or otherwise respond to the Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

    **DONE and ORDERED** at Fort Myers, Florida, this ___30th___ day of October 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiffs
Counsel of Record