UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELISSA CARPEL,

       Plaintiff,

v.                                    Case No:  2:25-cv-470-JES-NPM

BAKER SENIOR CENTER NAPLES,
INC.,

       Defendant.

---

## **OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Strike Prayer for Emotional Distress Damages (Doc. #24) filed on March 23, 2026.  Plaintiff filed a Response in Opposition (Doc. #29) on May 11, 2026, with leave of Court.  For the reasons stated below, the motion is denied.

Defendant moves to strike plaintiff's request for emotional distress damages pursuant to Rule 12(f) "[i]n light of Plaintiff's position with respect to discovery of the vast majority of relevant medical records," and because "Plaintiff cannot be allowed to pursue and support the emotional distress damages allegations while simultaneously denying Defendant's ability to investigate and defend against those allegations."  (Doc. #24, p. 7.)  In response, plaintiff argues that "Defendant uses the motion-to-strike vehicle to seek what is, in substance, an evidentiary

sanction and a coerced discovery authorization, relief that has no basis under Rule 12(f)." (Doc. #29, p. 9.) This is so, plaintiff argues, even though there is "no adjudicated motion to compel" and "no finding of noncompliance by this Court." (Id. at 12.)

Indeed, no motion to compel has been filed and Gonzalez v. Bus. Representation Int'l, Inc., 248 F.R.D. 644, 646 (S.D. Fla. 2008) is wholly inapplicable. In Gonzalez, the Court found sanctions were appropriate under its inherent power and Fed. R. Civ. P. 37(a)(4) because plaintiff provided false information to an independent examiner, omitted names of other examiners, denied prior treatment contrary to the evidence, and revoked release of medical records. Defendant is seeking to strike damages pursuant to Rule 12(f). In the alternative, defendant seeks to compel discovery or to preclude plaintiff from asserting or supporting emotional distress damages if the discovery is not provided.

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" and this may be done on motion "before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). The Amended Complaint (Doc. #6) was filed on June 4, 2025, and the Answer and Affirmative Defenses (Doc. #16) were filed on November 13, 2025. The motion is blatantly untimely.

2

Additionally, "a motion to strike is a drastic remedy and is disfavored by the courts. [] Therefore, a motion to strike should be granted only if 'the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" Schmidt v. Life Ins. Co. of N. Am., 289 F.R.D. 357, 358 (M.D. Fla. 2012) (internal citation omitted). The motion will also be denied because it is a drastic remedy for something that should have been raised and can be raised on a motion to compel. Any such relief should be sought by separate motion under the correct rule.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Strike Prayer for Emotional Distress Damages (Doc. #24) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of June 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Parties of record

3